**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

STEVEN SANCHEZ,

      Plaintiff,

v.                                    No. CV 18-586 CG

NANCY A. BERRYHILL,
Acting Commissioner of the
Social Security Administration,

      Defendant.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiff Steven Sanchez' *Motion to Reverse and/or Remand* (the "Motion"), (Doc. 21), filed February 17, 2019; Defendant Commissioner Nancy A. Berryhill's *Brief in Response to Plaintiff's Motion to Reverse and Remand the Administrative Decision* (the "Response"), (Doc. 28), filed April 17, 2019; and Mr. Sanchez' *Reply in Support of Motion to Reverse and/or Remand* (the "Reply"), (Doc. 29), filed May 3, 2019.

Mr. Sanchez filed applications for disability insurance benefits and supplemental security income on October 27, 2014. (Administrative Record "AR" 240, 247). In both of his applications, Mr. Sanchez alleged disability beginning September 15, 2010. *Id.* His alleged disability onset date was later amended to September 2, 2014. (AR 36-37). Mr. Sanchez claimed he was limited in his ability to work due to post-traumatic stress disorder ("PTSD"), depression, "spinal norring," and nerve damage. (AR 268). Mr. Sanchez' applications were denied initially on March 27, 2015, (AR 106), and upon reconsideration on September 9, 2016, (AR 112).

Mr. Sanchez requested a hearing before an Administrative Law Judge ("ALJ"), (AR 116), which was held on December 14, 2017, before ALJ Cole Gerstner. (AR 34). Mr. Sanchez and impartial vocational expert ("VE") Karen Provine testified at the hearing. (AR 34). ALJ Gerstner issued his decision on February 13, 2018 finding Mr. Sanchez not disabled at any time between his initial filing date through the date of his decision. (AR 27). Mr. Sanchez requested review by the Appeals Council, (AR 226), which was denied, (AR 1), making ALJ Gerstner's opinion the Commissioner's final decision for purposes of judicial review.

Mr. Sanchez, represented by attorney Benjamin Decker, argues in his Motion that ALJ Gerstner made three reversible errors. (Doc. 21 at 15-17). First, Mr. Sanchez alleges ALJ Gerstner failed to discuss his medical diagnosis of PTSD prescribed by physician Ross M. Clark, M.D. *Id.* at 15. Next, Mr. Sanchez contends ALJ Gerstner's RFC assessment erroneously omitted prescribed limitations related to his ability to persistently perform tasks. *Id.* at 16. Finally, Mr. Sanchez claims ALJ Gerstner failed to discuss evidence that supported a more restrictive RFC assessment and ignored evidence that contradicted his finding of nondisability. *Id.* at 17. The Court has reviewed the Motion, the Response, the Reply, and the relevant law. Additionally, the Court has meticulously reviewed the administrative record. Because ALJ Gerstner erred in not considering the medical opinion of Dr. Clark in his step two analysis, the Court finds that Mr. Sanchez' Motion should be **GRANTED** and this case be **REMANDED** for further administrative proceedings consistent with this opinion.

## I.       Standard of Review

The standard of review in a Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether the correct legal standards were applied. *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008) (citing *Hamilton v. Sec'y of Health & Human Servs.*, 961 F.2d 1495, 1497-98 (10th Cir. 1992)). If substantial evidence supports the Commissioner's findings and the correct legal standards were applied, the Commissioner's decision stands and the plaintiff is not entitled to relief. *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004); *Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004); *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003). The Commissioner's "failure to apply the correct legal standards, or to show . . . that she has done so, are also grounds for reversal." *Winfrey v. Chater*, 92 F.3d 1017, 1019 (10th Cir. 1996) (citing *Washington v. Shalala*, 37 F.3d 1437, 1439 (10th Cir. 1994)). A court should meticulously review the entire record but should neither re-weigh the evidence nor substitute its judgment for the Commissioner's. *Langley*, 373 F.3d at 1118; *Hamlin*, 365 F.3d at 1214. A court's review is limited to the Commissioner's final decision, 42 U.S.C. § 405(g), which is generally the ALJ's decision, rather than the Appeals Council's denial of review. *O'Dell v. Shalala*, 44 F.3d 855, 858 (10th Cir. 1994).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Langley*, 373 F.3d at 1118; *Hamlin*, 365 F.3d at 1214; *Doyal*, 331 F.3d at 760. An ALJ's decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Langley*, 373 F.3d at 1118; *Hamlin*, 365 F.3d at 1214.

While the Court may not re-weigh the evidence or try the issues *de novo*, its examination of the record must include "anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005). "The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ]'s findings from being supported by substantial evidence." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

## II.    Applicable Law and Sequential Evaluation Process

For purposes of supplemental security income and disability insurance benefits, a claimant establishes a disability when he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A), 42 U.S.C. § 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). In order to determine whether a claimant is disabled, the Commissioner follows a five-step sequential evaluation process ("SEP"). *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920.

At the first four steps of the SEP, the claimant bears the burden of showing: (1) he is not engaged in "substantial gainful activity"; (2) he has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; and either (3) his impairment(s) meet or equal one of the "listings"[1] of presumptively disabling impairments; or (4) he is unable to perform

---

1.      20 C.F.R. pt. 404, subpt. P, app. 1.

his "past relevant work." 20 C.F.R. §§ 404.1520(a)(4)(i–iv), 416.920(a)(4)(i-iv); *see also Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005). If the ALJ determines the claimant cannot engage in past relevant work, the ALJ will proceed to step five of the evaluation process. At step five, the Commissioner bears the burden of showing that the claimant is able to perform other work in the national economy, considering the claimant's residual functional capacity ("RFC"), age, education, and work experience. *Grogan*, 399 F.3d at 1261.

### III.    Background

Mr. Sanchez claimed he was limited in his ability to work due to PTSD, depression, spinal issues, and nerve damage. (AR 268). At step one, ALJ Gerstner determined that Mr. Sanchez had not engaged in substantial gainful activity since September 2, 2014, the alleged disability onset date. (AR 17). At step two, ALJ Gerstner found that Mr. Sanchez has the following severe impairments: degenerative lumbar disc disease; affective disorder; and alcohol disorder. *Id.*

At step three, ALJ Gerstner determined that none of Mr. Sanchez' impairments, solely or in combination, equaled one of the listed impairments in 20 C.F.R. §§ 416.920(d), 416.925 and 416.926. (AR 18). ALJ Gerstner then found that Mr. Sanchez has the RFC to perform a limited range of medium work, as defined in 20 C.F.R. § 416.967(c), with the following limitations: he can lift and/or carry and push and/or pull fifty pounds occasionally and twenty-five pounds frequently; he is able to sit and stand and/or walk six hours in an eight-hour workday; he is limited to simple, routine tasks and his judgment is limited to simple, work-related decisions; he may have occasional interaction with supervisors and co-workers but he should have only superficial contact

with the public; and changes in the work setting should be limited to simple, work-related decisions. (AR 20).

In formulating Mr. Sanchez' RFC, ALJ Gerstner stated that he considered Mr. Sanchez' symptoms and the extent to which those symptoms can reasonably be accepted as consistent with objective medical and other evidence, as required by 20 C.F.R. § 416.929 and SSR 16-3p. *Id.* In addition, ALJ Gerstner stated that he considered opinion evidence consistent with the requirements of 20 C.F.R. § 416.927. (AR 21). ALJ Gerstner concluded that some of Mr. Sanchez' impairments could be expected to cause his alleged symptoms, but he found that the intensity, persistence, and limiting effects that Mr. Sanchez described were not entirely consistent with the evidence in the record. (AR 21-22).

Turning to the medical evidence in the record, ALJ Gerstner stated that he gave "substantial weight" to the opinions of state agency consultative examiners Mark A. Werner, M.D., Janet Rodgers, M.D., and Donald K. Gucker, M.D. (AR 22). ALJ Gerstner also gave the medical opinion of Dr. Clark substantial weight, except for his assessment limiting Mr. Sanchez to lifting no more than twenty pounds. (AR 23). Additionally, ALJ Gerstner stated that he gave "little weight" to the evaluation conducted by state agency examiner Laura Lochner, Ph.D. (AR 22). ALJ Gerstner gave varying degrees of weight to the reports authored by Mr. Sanchez' treating psychotherapist, Amara Heising, L.M.F.T., L.A.D.A.C., and consultative examiner, John P. Owen, Ph.D. (AR 22-24). Finally, ALJ Gerstner considered the third-party function report submitted by Mr. Sanchez' friend, Leonda Ballejos, and Mr. Sanchez' reported activities of daily living. (AR 24-25).

At step four, ALJ Gerstner found Mr. Sanchez has no past relevant work experience. (AR 25). ALJ Gerstner then moved to step five, noting that Mr. Sanchez was 50 years old on the alleged disability onset date, and was therefore classified as an individual "closely approaching advanced age." (AR 26). At this step, ALJ Gerstner also determined that Mr. Sanchez has at least a high school education and is able to communicate in English. *Id.*

Further, ALJ Gerstner explained that if Mr. Sanchez had the RFC to perform the full range of medium work, a finding of not disabled would be directed by Medical-Vocational Rule 203.21. *Id.* However, ALJ Gerstner found that Mr. Sanchez' limitations impeded his ability to perform the full range of medium work. *Id.* Therefore, ALJ Gerstner relied on the testimony of the VE to determine applicable jobs Mr. Sanchez could perform in the national economy. *Id.* ALJ Gerstner noted that the VE testified at the hearing that an individual with Mr. Sanchez' same age, education, work experience, and RFC could perform the jobs of hospital cleaner, industrial cleaner, hand packager, marker, router, and housekeeping cleaner. *Id.* After finding the VE's testimony consistent with the Dictionary of Occupational Titles ("DOT"), ALJ Gerstner adopted the testimony of the VE and concluded that, because Mr. Sanchez is capable of performing work existing in significant numbers in the national economy, he is not disabled pursuant to 20 C.F.R. § 416.920(g). *Id.*

## IV. Analysis

In his Motion, Mr. Sanchez first argues ALJ Gerstner erroneously concluded his PTSD was not a medically determinable impairment at step two of the sequential evaluation process. (Doc. 21 at 15). Second, Mr. Sanchez alleges ALJ Gerstner's RFC

assessment did not address his limitation in "task persistence" and this omission was not properly explained. *Id.* at 16. Finally, Mr. Sanchez argues ALJ Gerstner incorrectly weighed the medical opinion of Dr. Owen and his final RFC assessment is therefore not supported by substantial evidence. *Id.* at 17.

In response, the Commissioner argues Mr. Sanchez' step two argument is meritless, or at best presents harmless error, because his claim survived step two of the sequential evaluation analysis. (Doc. 28 at 13). Next, the Commissioner contends ALJ Gerstner properly considered Dr. Owen's medical opinion in crafting his final RFC assessment. *Id.* at 16. Finally, the Commissioner argues ALJ Gerstner's RFC assessment is supported by substantial evidence and Mr. Sanchez' argument to the contrary invites the Court to impermissibly reweigh the evidence. *Id.* at 17.

I.    *Medically Determinable Impairment*

Mr. Sanchez first alleges that ALJ Gerstner's decision at step two finding his PTSD non-medically determinable was erroneous. (Doc. 21 at 15-16). At step two in the sequential evaluation process, the ALJ must consider whether a claimant has a severe medical impairment. 20 C.F.R. §§ 404.1520(a), 416.920(a). This analysis requires an ALJ to consider whether a claimant's impairment is "medically determinable." 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii), 404.1521; 20 C.F.R. § 416.921 ("[Once] we establish that you have a medically determinable impairment, then we determine whether your impairment is severe."). After the ALJ finds that a claimant has at least one severe impairment at step two, the failure to include an additional severe impairment is harmless error. *Smith v. Colvin*, 821 F.3d 1264, 1266 (10th Cir. 2016). Indeed, "by its plain terms, the regulation requires a claimant to show only "*a* severe"

impairment–that is, *one* severe impairment–to avoid a denial of benefits at step two."
*Allman v. Colvin*, 813 F.3d 1326, 1330 (10th Cir. 2016) (emphasis in original) (internal citation omitted).

Although a claimant only needs one severe impairment to satisfy the second step, the ALJ's decision regarding severity at step two shapes his obligation to further discuss a claimant's impairments at step four. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv), 404.1521, 416.921. Specifically, if an ALJ finds the claimant's impairment to be medically determinable but "not severe," the ALJ *must* consider the impairment at step four when assessing a claimant's RFC. SSR 83-10, at *7. Alternatively, if an ALJ concludes that a claimant's impairment is not "medically determinable," then the ALJ *may not* consider evidence of that impairment when assessing a claimant's RFC. SSR 96-8P. An ALJ's obligation to discuss a claimant's impairment at step four therefore hinges on his conclusions at step two and whether a claimant's impairments are deemed medically determinable. *Gibbons v. Barnhart*, 85 Fed. Appx. 88, 91 (10th Cir. 2003) (unpublished) ("[At step four, an] ALJ must consider only limitations and restrictions attributable to medically determinable impairments") (quoting SSR 96-8p).

To be considered medically determinable, a claimant must show that his impairment results from "anatomical, physiological, or psychological abnormalities that can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. §§ 404.1521, 416.921. To make this showing, "a physical or mental impairment must be established by objective medical evidence from an acceptable medical source." *Id.* Laboratory diagnostic techniques used to support a finding of medical determinability

may include "chemical tests, electrophysiological studies, medical imaging, and psychological tests." 20 C.F.R. §§ 404.1502(c), 416.902(g). Particularly relevant here, a psychological impairment may be medically demonstrable if it includes abnormalities involving "behavior, mood, thought, memory, orientation, development, or perception" and can "be shown by observable facts that can be medically described and evaluated." 20 C.F.R. §§ 404.1502(g), 416.902(e).

Here, ALJ Gerstner concluded at step two that Mr. Sanchez' PTSD was not medically determinable. (AR 17). In reaching this conclusion, ALJ Gerstner discounted the medical diagnosis prescribed by Mr. Sanchez' treating psychotherapist, Dr. Heising, because she was not an "acceptable medical source" as defined by the Regulations. (AR 18). In addition, ALJ Gerstner explained that while Dr. Owen opined that Mr. Sanchez had some symptoms consistent with PTSD, his symptoms did not satisfy the diagnostic criteria. *Id.* Because ALJ Gerstner found that Mr. Sanchez' PTSD was not medically determinable at step two, he was not required to consider the limitations associated with Mr. Sanchez' PTSD at step four when crafting the RFC assessment.

At step two, ALJ Gerstner failed to mention that Dr. Clark also diagnosed Mr. Sanchez with PTSD. Dr. Clark is an "acceptable medical source" whose opinion, if it were considered, likely would have established that Mr. Sanchez' PTSD was a medically determinable impairment. *See* 20 C.F.R. §§ 404.1521, 416.921. Indeed, Dr. Clark recorded "observable facts" that were "medically described and evaluated" in reaching his diagnosis of PTSD, including Mr. Sanchez' "blunted affect" and his ability "to recall only one out of [three] words at a short interval." (AR 419-20). In addition, Dr. Clark reviewed Mr. Sanchez' medical records in reaching his conclusion and noted that

Mr. Sanchez would benefit from a "dedicated psychiatric examination" to better explain "the effects of [his] psychiatric disease on his daily functioning." (AR 420). Dr. Clark further noted that Mr. Sanchez' chief complaint was PTSD, he explained a "past medical history" and a previous diagnosis of PTSD, and he prescribed Mr. Sanchez' PTSD as his first diagnosis, before a finding of both depression and degenerative disc disease. (AR 418-20). Dr. Clark's diagnosis of PTSD is therefore supported by medical evidence and prescribed by an acceptable medical source, two criteria weighing heavily in favor of finding that Mr. Sanchez' PTSD qualifies as a medically determinable impairment. 20 C.F.R. § 404.1521; 20 C.F.R. § 416.921 ("[A] physical or mental impairment must be established by *objective medical evidence* from an *acceptable medical source.*") (emphasis added).

This conclusion is further supported by ALJ Gerstner's rationale. Specifically, ALJ Gerstner found that Mr. Sanchez' PTSD was not a medically determinable impairment because it had not been diagnosed by an acceptable medical source. (AR 18). In light of Dr. Clark's report, this reasoning is not supported by the medical evidence in the record. As such, ALJ Gerstner erred in both failing to discuss Dr. Clark's PTSD diagnosis and in rendering a conclusion that ignored his report. *See Clifton v. Chater*, 79 F.3d 1007, 1010 (10th Cir. 1996) ("[T]he ALJ [] must discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects."); *see also Langley v. Barnhart*, 373 F.3d 1116, 1123 (10th Cir. 2004) (finding that the ALJ erred at step two because "he failed to give proper weight to the medical evidence and to consider the cumulative medical evidence.").

ALJ Gerstner's conclusion at step two is also inconsistent with his analysis at step four, where he assigned Dr. Clark's medical opinion "substantial weight" and noted that it is "consistent with and supported by the record as a whole." (AR 23). In addition, ALJ Gerstner discounted Dr. Heising's opinion at step two because she was not an acceptable medical source, but he made no mention of her status as a psychotherapist when he later afforded her opinion "significant weight" at step four. (AR 22). These inconsistencies render it difficult to follow ALJ Gerstner's reasoning and highlight holes in his rationale. *See Langley*, 373 F.3d at 1119 (explaining that the ALJ's reasoning must be "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the [] medical opinion and the reason for that weight."); *see also Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007).

The Commissioner argues ALJ Gerstner's error in not finding Mr. Sanchez' PTSD medically determinable was "obviated" because he discussed the impairment in assessing Mr. Sanchez' RFC. (Doc. 28 at 13-14). The Commissioner reasons that because ALJ Gerstner considered "the record as a whole" at step four, there was no reversible error. (AR 14); *see Grotendorst v. Astrue*, 370 Fed.Appx. 879, 883 (10th Cir. 2010) (unpublished) (opining that an error at step two may be harmless if the impairment at issue was considered in subsequent analyses). The Court is not convinced that ALJ Gerstner's step four analysis demonstrates that he considered Mr. Sanchez' PTSD. Rather, ALJ Gerstner mentioned that Dr. Clark diagnosed Mr. Sanchez with PTSD, noted that he afforded Dr. Clark's opinion substantial weight, and then never explained the absence or inclusion of any limitations in the RFC assessment that accounted for Mr. Sanchez' PTSD. (AR 23); *see Grotendorst*, 370 Fed.Appx. 883

(concluding that although the ALJ's finding that mental impairments were non-severe at step two may have been harmless error, remand was required because the ALJ did not discuss the limitations arising from those impairments in his RFC analysis). The Commissioner's efforts to demonstrate how ALJ Gerstner's step four analysis or RFC assessment may be correlated to symptoms consistent with PTSD is unavailing. The Court cannot accept the Commissioner's *post hoc* effort to salvage the ALJ's decision. *See Robinson v. Barnhart*, 366 F.3d 1078, 1084 (10th Cir. 2004); *Carpenter v. Astrue*, 537 F.3d 1264, 1267 (10th Cir. 2008).

In sum, ALJ Gerstner failed to examine Dr. Clark's opinion at step two and as a result, he did not consider the cumulative medical evidence relating to Mr. Sanchez' PTSD. *See Victory v.* Barnhart, 121 Fed.Appx. 819, 825 (10th Cir. 2005) (explaining that it is clear error to ignore or otherwise fail to evaluate a medical opinion) (unpublished). ALJ Gerstner's error at step two is not harmless because although Mr. Sanchez' claim survived step two, ALJ Gerstner did not consider limitations arising from Mr. Sanchez' PTSD in his final RFC assessment. *See Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004) (explaining that it is not harmless error when the error results from legal or evidentiary matters not considered by the ALJ). Mr. Sanchez' RFC assessment may have reflected greater limitations had the medical evidence been properly considered. ALJ Gerstner's opinion must therefore be reversed.

**V.    Conclusion**

For the reasons stated above, the Court finds that ALJ Gerstner's failure to consider the medical opinion of Dr. Clark during his step two analysis was erroneous. Because the opinion of Dr. Clark may have changed ALJ Gerstner's required analysis at

step four and potentially the RFC assessment, this error is not harmless and requires remand. The Court will not address Mr. Sanchez' remaining claims because they may become moot upon remand.

**IT IS THEREFORE ORDERED** that Mr. Sanchez' *Motion to Reverse and/or Remand*, (Doc. 21), is **GRANTED** and this case is to be **REMANDED** for further administrative proceedings consistent with this opinion.

**IT IS SO ORDERED**.

_____
THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATES MAGISTRATE JUDGE